IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AUSTIN HASKINS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:03cv492 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| DOUGLAS COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on Filing No. 42, a letter from the plaintiff, Austin Haskins, which has been docketed as a "Motion for Reconsideration." The court entered Judgment in this case on January 27, 2005, and the plaintiff moves, pursuant to Fed. R. Civ. P. 60(b), to reopen the case. He reasons that his failure to exhaust administrative remedies should not relieve the defendants of their responsibility for deplorable conditions at the Douglas County Jail.

    Nevertheless, when Congress enacted the Prison Litigation Reform Act ("PLRA"), the PLRA included a provision, 42 U.S.C. § 1997e(a), which requires exhaustion of administrative remedies before a prisoner may file suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff at the jail, and the plaintiff did not use the available grievance procedures before filing his lawsuit, the plaintiff's claims may be subject to dismissal without prejudice. This court is bound by Acts of Congress, including the PLRA. Therefore, Filing No. 42 must be denied.

    SO ORDERED.

    Dated this 24th day of March, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Court